# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| IN RE | ) | |
| | ) | |
| ARAS SIDABRAS | ) | Bankruptcy No. 13 B 01201 |
|         Debtor. | ) | |
| | ) | |
| _____ | ) | |
| ARAS SIDABRAS | ) | |
|         Plaintiff, | ) | |
| | ) | |
|     v. | ) | Adversary No. 13 A 01201 |
| | ) | |
| TCF NATIONAL BANK | ) | |
|         Defendant. | ) | |

## FINDINGS OF FACT AND CONCLUSION OF LAW

In this proceeding related to Debtor's Chapter 13 case, the Debtor as Plaintiff seeks to eliminate the Defendant's second mortgage lien on his home.

Following trial, the following Findings of Fact are made and Conclusions of Law are entered:

## FINDINGS OF FACT

1.     Aras Sidabras is the plaintiff ("hereinafter Plaintiff") in this case.

2.     The Plaintiff filed a voluntary petition for relief under Chapter 13 of Title 11 of the United States Code on August 12, 2013.

3.     Plaintiff is the owner of a parcel of real estate commonly known as 430 Freehauf Street, Lemont, IL 60439.

4.     Plaintiff occupies the above parcel of real estate (hereinafter the "Property") as his primary residence.

5.     The Property is encumbered by two mortgages.

6.      The first mortgage, held by TCF National Bank, is properly recorded in the Office

of the Cook County Recorder of Deeds as document 0521311082. As of the petition date, this loan

had a balance due of $252,360.45. See claim 4-1 in the underlying bankruptcy.

7.      The second mortgage, held by TCF National Bank, is properly recorded in the Office

of the Cook County Recorder of Deeds as document 0825946039. As of the petition date, this loan

had a balance due of $107,453.44. See claim 3-1 in the underlying bankruptcy.

8.      The only fact issue at trial was the value of the Freehauf property as of August 12,

2013. Each expert witness employed by the parties was stipulated to be qualified to testify as a

valuation expert. Each supplied detailed reports which relied on the sales of assertedly comparable

properties as the basis of their appraisals. Plaintiff's expert opined that the subject property had a

value of $230,000 when the bankruptcy case was filed.   The expert employed by the

Defendant/creditor opined that the value then was $280,000.

## JURISDICTION

9.      This adversary proceeding arises under §§ 502 and 1322(b)(2) of the United States

Bankruptcy Code.

10.     This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 151, 157,

and 1334 and this is a core proceeding under 28 U.S.C. § 157.

## DISCUSSION AND CONCLUSIONS OF LAW

11.     It is well-settled law that junior liens may in a proceeding related to a debtor's

Chapter 13 case be "stripped off" the Debtor's home where value of the property is less than the

balance due on one or more senior liens.

12.     Under 11 U.S.C. §§ 506(a) and 1322(b)(2), Defendant's junior mortgage lien would remain if it is supported by property value in excess of the amount due on senior lien(s), but otherwise Defendant's lien would be wholly void conditional on completing of Debtor's Chapter 13 Plan.

13.     If Defendant's second mortgage lien were wholly unsecured, it would not be allowed as a secured claim, and would then be stripped off. *See, Holloway v. U.S., 2001 WL 1249053 (N.D. Ill. Oct. 16, 2001); In re Waters, 276 B.R. 879 (N.D. Ill 2002); In Re Pond, 252 F.3d 122 (2nd Cir. 2001); In re McDonald, 205 F.3d 606 (3rd Cir. 2000); In Re Bartee, 212 F.3d 277 (5th Cir. 2000); In Re Lane, 280 F.3d 663 (6th Cir. 2002); In re Zimmer, 313 F.3d 1220 (9th Cir. 2002); In re Tannter, 217 F.3d 1357 (11th Cir. 2000).*

14.     Therefore, Plaintiff's burden here was to prove by a preponderance of evidence that value of the subject property is less than the amount owed on the first mortgage ($252,360.45).

15.     Appraisal of a subject property based on recent sales of nearby comparable properties is a well accepted methodology, but it is by no means a scientific procedure. It relies on subjective selection of "comparable" properties that have been sold and judgments to make adjustments in the sale price. At best, this method can provide a way to measure the high and low range of potential market value.

In this case the two appraisals provided a problematic selection of comparables by each appraiser.

Debtor's appraiser selected three sales as his basis for appraising value of the subject property. All were about the same age as the subject property, but all had more bedrooms than the subject; two showed either better or worse condition than the subject; two had larger square footage

indoors; three had smaller site sizes. Those differences were accounted for by adjustments in value that were largely subjective judgments by the appraiser.

Creditor's appraiser primarily relied on three comparables selected by him, all nine to eighteen years younger than the subject. Property conditions were the same and all had the same number of bedrooms as the subject. Gross living area was either more or less than the subject, so adjustments up or down had to be considered.

The appraisals came in at a low of $230,000 (debtor's appraiser) and a high of $280,000 (creditor's appraiser), a very wide spread. The reliability of the comparables used by creditor's appraiser appeared more satisfactory and therefore his testimony and opinion were marginally more credible. However, his appraisal cannot be said to have fixed value. Given the uncertainty of the evidence, the best that can be said is that Debtor/Plaintiff failed to prove by a preponderance of evidence that the value of the subject property was, when the bankruptcy case was filed, less than the first mortgage due thereon ($252,360.45). Therefore, Plaintiff has not sustained his burden of proof and judgment will by separate Order be rendered for Defendant adjudging that Plaintiff shall recover no relief.

ENTER:

Jack B. Schmetterer
United States Bankruptcy Judge

Dated this 24th day of April 2014.

APR 2 4 2014